1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DOLORES LUCERO,                          Case No.  2:24-cv-2855-DC-JDP (PS)

12              Plaintiff,

13        v.                                  FINDINGS AND RECOMMENDATIONS

14   STEPHEN H. BAKER,

15              Defendant.

16

17        Plaintiff Dolores Lucero brings this civil rights action against defendant Judge Stephen H.

18   Baker.  In the complaint, plaintiff alleges that defendant violated her constitutional rights while he

19   presided over her small claims trial.  Defendant has absolute immunity from plaintiff's claims;

20   thus, I recommend that this action be dismissed without leave to amend.

21                                      **Allegations**

22        On June 17, 2024, plaintiff filed a small claims action in Shasta County Superior Court.

23   ECF No. 1 at 2.  She was awarded $190.66, and the defendant, on a crossclaim, was awarded

24   $1,019.77.  *Id.*  Plaintiff appealed the decision and asked to have a trial heard de novo.  *Id.*  Prior

25   to trial, plaintiff moved to change venue and to amend the complaint, but defendant Baker, who

26   presided over the trial, denied both motions, allegedly without sufficient reasoning.  *Id.* at 2-3.  At

27   trial, defendant only allowed the opposing party to present a case, barred plaintiff from presenting

28   her own case and evidence, and overruled her objection to certain witness testimony.  *Id.* at 3.

Defendant entered judgment against plaintiff without first providing her with an opportunity to present her case. *Id.*

Plaintiff alleges that defendant violated her Fifth and Fourteenth Amendment rights to due process and equal protection. *Id.* at 4. Plaintiff seeks declaratory relief, an order vacating the judgment and a new trial, an injunction barring defendant from engaging in further unconstitutional conduct during judicial proceedings, damages, and attorneys' fees and cost. *Id.* at 5.

**Legal Standard**

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Defendant moves to dismiss for lack of subject matter jurisdiction and failure to state a claim. ECF No. 8. Defendant argues that he is entitled to Eleventh Amendment and judicial immunity, that plaintiff's claims are barred by the *Rooker-Feldman* doctrine, and that he is not considered a person who can be sued under 42 U.S.C. § 1983. *Id.*

Plaintiff argues in opposition that her claims establish subject matter jurisdiction and state viable claims.  First, she argues that the Eleventh Amendment does not bar her claim for prospective relief.  ECF No. 9 at 2 (citing *Ex Parte Young*, 209 U.S. 123 (1908)).  Second, she claims that defendant's reliance on the *Rooker-Feldman* doctrine is misplaced as she is not seeking to reverse or modify the state court judgment, but rather seeks to challenge defendant's independent constitutional violations.  *Id.* at 3.  Next, plaintiff avers that defendant exceeded his judicial role and thus cannot be protected from suit by judicial immunity.  *Id.*  Plaintiff also argues that defendant is a person within the meaning of § 1983 because she sued him in his official capacity.  *Id.* at 4.  Finally, plaintiff argues that she has sufficiently pled facts to plausibly establish entitlement.  *Id.*

Defendant is entitled to judicial immunity.  "It is well settled that judges are generally immune from civil liability under [§ 1983]."  *Meek v. Cnty. Of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam)).  The Supreme Court has explained this immunity by reasoning that "a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."  *Bradley v. Fisher*, 80 U.S. 335, 347 (1871).  A judge's errors should be corrected on appeal, not by subsequent civil litigation, because civil liability "would contribute not to principled and fearless decisionmaking but to intimidation."  *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *In re Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007) (per curiam).  Indeed, judicial immunity is so firmly grounded in our jurisprudence that it cannot be defeated by procedural error or malicious, biased, or controversial actions.  *Mireles*, 502 U.S. at 11 (malicious action does not defeat judicial immunity); *Stump v. Sparkman*, 435 U.S. 349, 359, 363-64 (1978) (procedural error does not defeat judicial immunity); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) (conspiracy and bribery do not defeat judicial immunity); *Lopez v. Vanderwater*, 620 F.2d 1229, 1234 (7th Cir. 1980) (prejudice does not defeat judicial immunity).

There are two exceptions to judicial immunity: (1) allegations arising from "actions not taken in the judge's judicial capacity," and (2) judicial actions taken "in the complete absence of all jurisdiction."  *Mireles*, 502 U.S. at 11-12; *In re Complaint of Judicial Misconduct*, 366 F.3d

963, 965 (9th Cir. 2004).  A judge acting in "excess of his jurisdiction" still receives immunity "so long as the acts themselves were judicial."  *Rosenthal v. Justices of the Supreme Ct. of Cal.*, 910 F.2d 561, 565-66 (9th Cir. 1990) (citing *Stump*, 435 U.S. at 355-57, and *Bradley*, 80 U.S. at 351).

Plaintiff's complaint specifically alleges that defendant operated within his judicial capacity and with jurisdiction when performing the allegedly unconstitutional acts.  *See* ECF No. 1 at 3-5.  Plaintiff alleges that defendant violated her constitutional rights during trial by allowing only the other side to put on a case, barring plaintiff from presenting her own case and evidence, and overruling her objection to certain witness testimony.  Each of these allegations confirms that the alleged violations occurred when defendant was performing his core judicial duties, within jurisdictional boundaries.  Defendant is therefore protected by absolute immunity from all of plaintiff's claims.[1]  *See Palken v. Olds*, No. 3:20-cv-129-BLW, 2020 WL 3451687, at *1 (D. Idaho June 24, 2020) (find that the plaintiff's claims against the defendant judge for ignoring her evidence and being hostile to the plaintiff's case did not overcome judicial immunity); *Seifert v. Pritchard*, No. 1:24-cv-1097-KES-CDB, 2025 WL 745852, at *6 (E.D. Cal. Mar. 7, 2025) (finding that the defendant judge who presided over the plaintiff's small claim court trial was judicial immune from plaintiff's § 1983 claims).

Accordingly, plaintiff's complaint should be dismissed for lack of jurisdiction.  Given that the jurisdictional deficiencies cannot be cured by amendment, I recommend dismissal without leave to amend.  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that while the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

---

[1] As defendant is protected by judicial immunity, the court need not consider defendant's remaining arguments.

4

Accordingly, it is hereby RECOMMENDED that:

1. Defendant's motion to dismiss, ECF No. 8, be GRANTED.

2. Judgment be entered in defendant's favor.

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    March 21, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE