UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES LUCERO,<br><br>            Plaintiff,<br><br>    v.<br><br>STEPHEN H. BAKER,<br><br>            Defendant. | No. 2:24-cv-02855-DC-JDP (PS)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 17) |

This matter is before the court on Plaintiff's motion for reconsideration of the court's September 16, 2025, order adopting the assigned magistrate judge's findings and recommendations granting Defendant's motion to dismiss and dismissing this case without leave to amend based on Defendant's absolute immunity from Plaintiff's claims. (Doc. No. 17.) For the reasons addressed below, the court will deny Plaintiff's motion.

In her pending motion, Plaintiff invokes Federal Rule of Civil Procedure 60(b), which allows parties to seek relief from a final judgment, and Rule 59(e), which permits a party to move a court to alter or amend its judgment. Fed. R. Civ. P. 60(b), 59(e). (Doc. No. 17.) A motion seeking relief from a judgment is governed by either Federal Rule of Civil Procedure 60(b) or 59(e) depending on when the motion is filed. *Cent. Produce El Jibarito v. Luna Commer. Corp.*, 880 F. Supp. 2d 282, 285 (D.P.R. 2012). If the motion is filed within 28 days of the entry of judgment, Rule 59(e) governs; otherwise, Rule 60(b) governs. *Id.*; *see also U.S. v. Comprehensive*

1

*Drug Testing, Inc.*, 473 F.3d 915, 956 (9th Cir. 2006) (noting that Rule 59(e) controls if the motion is brought within the time limit provided by Rule 59 (which, since 2009, has been 28 days)). Because Plaintiff's motion was filed within 28 days of entry of judgment,  Rule 59(e) applies.

A motion under Rule 59(e) asks the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)). "A court considering a Rule 59(e) motion is not limited merely to these four situations." *Allstate Ins. Co.*, 634 F.3d at 1111 (citing *McDowell*, 197 F.3d at 1255). However, reconsideration on other grounds is warranted only under "highly unusual circumstances." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). Moreover, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Here, Plaintiff first asserts the court should reconsider its order based on purportedly new evidence: a July 29, 2025 California Department of Justice subpoena. (Doc. No. 17 at 3.) Specifically, Plaintiff asserts the subpoena establishes she is an important witness and victim in an administrative hearing before the Contractors State License Board (CSLB) relating to an allegation against Daniel Adams for unprofessional conduct. (*Id*.) She further asserts the subpoena is newly discovered evidence that could not have been presented to the court with reasonable diligence because the subpoena was issued after the March 24, 2025 findings and recommendations and the September 16, 2025 order adopting those findings and

recommendations.[1] (*Id.*) However, Plaintiff already presented information in her objections to the findings and recommendations that she was expected to serve as a witness against Mr. Adams in a CSLB case. (Doc. No. 14 at 4.) The court considered that information and nevertheless concluded dismissal of this case was appropriate because Defendant was protected by judicial immunity from all of Plaintiff's claims.  (Doc. No. 15.) Therefore, Plaintiff has not produced newly discovered evidence that would have been likely to change the disposition of this case.

Additionally, Petitioner alleges Defendant's "misconduct" in handling her case "amount[s] to fraud on the court." (Doc. No. 17 at 4.) However, Plaintiff only takes issue with Defendant's judicial actions and does not point to any fraud, misrepresentations, or other misconduct taken by Defendant in this action. *See Gates v. Colvin*, No. 16-cv-00049-AFM, 2017 WL 8220232, at *1 (C.D. Cal. Sep. 5, 2017) (finding "[m]ere disagreement with the result does not justify the filing of a Rule 59(e) motion."). Therefore, Plaintiff does not identify manifest errors of fact that require reconsideration of the court's order.

Plaintiff also contends her "*pro se* status, delayed [o]rder adoption, and potential bias against Plaintiff's whistleblower activities" warrants reconsideration of her case. (Doc. No. 17 at 4.) However, Plaintiff's identified circumstances do not present highly unusual circumstances to justify relief under Rule 59(e). *See Rivers v. Comm'r of Soc.*, 24-cv-00836-BAM, 2025 WL 2855125, at * (E.D. Oct. 8, 2025) (denying plaintiff's motion for reconsideration under Rule 60(b) because lack of legal representation did not present an extraordinary circumstance to justify reconsideration); *Yocum v. Allison*, No. 21-cv-00187-JLT-HBK, 2024 WL 3792391, at *5 (E.D. Cal. Aug. 13, 2024) (denying the plaintiff's motion for reconsideration under Rule 60(b) because the court's delay in issuing findings and recommendations addressing the merits of the case did not constitute an extraordinary circumstance to justify reconsideration).

Lastly, Plaintiff contends the court committed clear error in applying absolute judicial immunity without considering exceptions where immunity does not apply. (Doc. No. 17 at 3.)  In

---

[1] The subpoena is dated July 29, 2025, and was served on Plaintiff by the attorney for the subpoenaing party by certified mail on the same date. (Doc. No. 17 at 6–9.) Plaintiff acknowledged receipt of the subpoena on August 1, 2025, which was prior to the September 16, 2025 order. (*Id.* at 12.)

support of her argument, Plaintiff cites several cases denying immunity for a judge's administrative acts. (*Id.*) However, the court already considered this argument in her objections (Doc. No. 14 at 3), and found the argument to be without merit. (Doc. Nos. 13, 15.) Plaintiff also cites to *Pulliam v. Allen*, 466 U.S. 522 (1984) for the proposition that "immunity does not bar injunctive relief like vacating the state judgment or ordering a new trial." (Doc. No. 17 at 3.) However, Plaintiff's reliance on *Pulliam* is misplaced. Instead, *Pulliam* holds "judicial immunity is not a bar to *prospective* injunctive relief against a judicial officer acting in her judicial capacity." 466 U.S. at 541–42 (emphasis added). Because Plaintiff only seeks to challenge Defendant's past actions, *Pulliam* does not apply, and consequently, judicial immunity bars her claims against Defendant.

Accordingly:

1.   Plaintiff's motion for reconsideration (Doc. No. 17) is DENIED; and

2.   This case shall remain closed.

IT IS SO ORDERED.

Dated:   **February 4, 2026**

_____
Dena Coggins
United States District Judge